AO 245 B (Rev. 06/05)(W.D.TX.) - Judgment in a Criminal Case

FILED

# UNITED STATES DISTRICT COURT
## Western District of Texas
### EL PASO DIVISION

MAY 2 4 2012

CLERK,
WESTERN DIS... ...T OF TEXAS
BY_____
            DEPUTY CLERK

UNITED STATES OF AMERICA

v.

LILIANA VANEGAS NONATO

Defendant.

Case Number    EP-12-CR-892 PRM
USM Number     92876-280

## JUDGMENT IN A CRIMINAL CASE
(For Offenses Committed On or After November 1, 1987)

The defendant, LILIANA VANEGAS NONATO, was represented by Alejandro Almanzan.

The defendant pled guilty to Count 1 of the Indictment on May 24, 2012. Accordingly, the defendant is adjudged guilty of such Count, involving the following offense:

| Title & Section | Nature of Offense | Date of Offense | Count |
|---|---|---|---|
| 18 USC 1546 | False personation in immigration matters | 3-24-2012 | 1 |

As pronounced on May 24, 2012, the defendant is sentenced as provided in pages 2 through 4 of this Judgment. The sentence is imposed pursuant to the Sentencing Reform Act of 1984.

It is further ordered that the defendant shall notify the United States Attorney for this district within 30 days of any change of name, residence, or mailing address until all fines, restitution, costs, and special assessments imposed by this Judgment are fully paid. If ordered to pay restitution, the defendant shall notify the Court and United States Attorney of any material change in the defendant's economic circumstances.

Signed this the __24th__ day of May, 2012.

PHILIP R. MARTINEZ
United States District Judge

Judgment--Page 2

Defendant: LILIANA VANEGAS NONATO
Case Number: EP-12-CR-892 PRM

## IMPRISONMENT

The defendant is hereby committed to the custody of the United States Bureau of Prisons to be imprisoned for a term of time-served.

## RETURN

I have executed this Judgment as follows:

_____
_____
_____
_____

Defendant delivered on _____ to _____
at _____, with a certified copy of this Judgment.

_____
United States Marshal

By _____
Deputy Marshal

Judgment--Page 3

Defendant: LILIANA VANEGAS NONATO
Case Number: EP-12-CR-892 PRM

## SUPERVISED RELEASE

Upon release from imprisonment, the defendant shall be on non-reporting supervised release for a term of one (1) year.

While on non-reporting supervised release, the defendant shall comply with the following conditions:

| x | The defendant shall not enter, or attempt to enter, the United States without legal documents. |
|---|---|
| x | The defendant shall not commit any other federal, state or local crime. |
| x | The mandatory drug testing provision of the Violent Crime Control and Law Enforcement Act of 1994 is suspended. |

Defendant: LILIANA VANEGAS NONATO
Case Number: EP-12-CR-892 PRM

## CRIMINAL MONETARY PENALTIES/ SCHEDULE

The defendant shall pay the following total criminal monetary penalties in accordance with the schedule of payments set forth. Unless the Court has expressly ordered otherwise, if this judgment imposes imprisonment, payment of criminal monetary penalties is due during imprisonment. Criminal Monetary Penalties, except those payments made through Federal Bureau of Prisons' Inmate Financial Responsibility Program shall be paid through the Clerk, United States District Court, 525 Magoffin Avenue, Room 105, El Paso, Texas 79901.

The defendant shall receive credit for all payments previously made toward any criminal monetary penalties imposed.

|        | **Assessment** | **Fine** | **Restitution** |
|--------|----------------|----------|-----------------|
| TOTAL: | $0             | $0       | $0              |

### Special Assessment

Pursuant to 18 U.S.C. § 3573, the Government moves to remit the special assessment. Therefore, the Court does not impose a special assessment.

### Fine

The fine is waived because of the defendant's inability to pay.

If the defendant makes a partial payment, each payee shall receive an approximately proportioned payment, unless specified otherwise in the priority order or percentage payment column above. However, pursuant to 18 U.S.C. § 3664(i), all non-federal victims must be paid before the United States is paid.

If the fine is not paid, the court may sentence the defendant to any sentence which might have been originally imposed. See 18 U.S.C. §3614.

The defendant shall pay interest on any fine or restitution of more than $2,500.00, unless the fine or restitution is paid in full before the fifteenth day after the date of the judgment, pursuant to 18 U.S.C. §3612(f). All payment options may be subject to penalties for delinquency and default, pursuant to 18 U.S.C. §3612(g).

Payments shall be applied in the following order: (1) assessment, (2) restitution principal, (3) restitution interest, (4) fine principal, (5) community restitution, (6) fine interest, (7) penalties, and (8) costs, including cost of prosecution and court costs.

Findings for the total amount of losses are required under Chapters 109A, 110, 110A, and 113A of Title 18 for offenses committed on or after September 13, 1994, but before April 23, 1996.